# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE D. RANDLE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>EDWARD S. ALAMEIDA, et. al.,<br><br>　　　　　Defendants.　　　　　／ | CV F 03 6313 REC SMS P<br><br>ORDER FINDING SERVICE OF COMPLAINT APPROPRIATE AND FORWARDING DOCUMENTS TO PLAINTIFF |

　　Willie D. Randle is ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the Amended Complaint filed on October 6, 2003, against Defendants Almeida, Calderon, B.G. White, Cpt. T.W. Meadors, Lt. R.L. Johnson, C/O Reed, C/O G. Miranda, and C/O L. Cardenas for Eight Amendment violations, excessive force, delay in medical treatment, shower restrictions, conspiracy, and due process.

　　On October 6, 2004, this Court issued an Order dismissing the complaint with leave to amend finding that the complaint stated cognizable claims against Defendants Cardenas and Miranda for excessive force in violation of the Eighth Amendment. Plaintiff was granted the option of filing a Second Amended Complaint curing the deficiencies outlined by the Court or proceeding with the excessive force claim against Defendant Cardenas and Miranda.

　　On October 27, 2004, Plaintiff filed a notification of his intent to proceed with the cognizable excessive force claims against Defendants Cardenas and Miranda and not to file a

Second Amended Complaint.

On April 4, 2005, the Court issued Findings and Recommendations that Recommended that Plaintiff's Eighth Amendment medical claim, shower restrictions, conspiracy and due process claims against Defendants Almeida, Calderon, White, Meadors, Johnson, and Reed be dismissed. The Court further recommended that the action proceed on the cognizable claim for relief under the Eighth Amendment against Defendants Cardenas and Miranda. The Court then issued an Order finding service of the complaint appropriate and forwarded the necessary service documents to Plaintiff to complete and return to the Court. Plaintiff returned those documents on April 18, 2005, and on April 22, 2005, the Court directed the U.S. Marshal to serve the Defendants.

On May 3, 2005, Plaintiff submitted a Second Amended Complaint but no accompanying Motion. From the caption, it appears that Plaintiff has amended the complaint to name only the claims and Defendants against whom the Court found a cognizable claim. However, to the extent Plaintiff's submission is for the purpose of having a complaint on file that conforms to the Court, his submission is unnecessary. As noted above, because Plaintiff informed the Court that he did not wish to file an Amended Complaint, the Court merely dismissed those claims and Defendants against whom claims were *not* cognizable. The Court's Order finding service of the Complaint appropriate along with the First Amended Complaint are sufficient to inform the Defendants of the claims found cognizable by the Court. Accordingly, as Plaintiff's submission of a conforming Second Amended Complaint is unnecessary, the Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to return the LODGED copies of the Second Amended Complaint to Plaintiff along with a copy of this Order.

IT IS SO ORDERED.

**Dated:   June 3, 2005**           **/s/ Sandra M. Snyder**
icido3                              UNITED STATES MAGISTRATE JUDGE