# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE D. RANDLE,<br><br>        Plaintiff,<br><br>    v.<br><br>ALAMEIDA, et. al.,<br><br>        Defendants.<br>_____ / | CV F   02 6313 REC SMS P<br><br>ORDER DENYING MOTION FOR COURT TO CONDUCT SCREENING (Doc. 30)<br><br>ORDER DENYING MOTION TO AMEND COMPLAINT (Doc. 29)<br><br>ORDER DIRECTING CLERK OF COURT TO RETURN LODGED DOCUMENTS TO PLAINTIFF |

Willie D. Randle ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On June 21, 2005, this Court directed the U.S. Marshall to re-serve the Complaint and Amended Complaint. Plaintiff, on June 27, 2005, filed a Motion to Amend the Complaint and lodged an Amended Complaint. On June 30, 2005, Defendants requested the Court conduct a screening of the case under Section 1915A.

**A. Motion for Court to Conduct Screening**

Defendants, appearing specially, move the Court to conduct a screening of the case and consider the Amended Complaint submitted by Plaintiff as being filed "as a matter of course" under Rule 15.

Rule 15 permits the filing of an Amended Complaint once "as a matter of course," and without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a). Fed.R.Civ.P. 15(a); <u>Bonn v. Calderon</u>, 59 F.3d 815, 845 (9th Cir. 1995). Leave of Court

is required for all other amendments. Rule Civ. P. 15(a). A review of the docket shows that Plaintiff filed an Amended Complaint once, as a matter of course and without leave of court on October 6, 2003. Thus, Plaintiff *lodged* his proposed Second Amended Complaint with the Court pending resolution of the Motion to Amend. As such, there is no "filed" complaint to screen under Section 1915A.[1]

Accordingly, Defendant's Request for the Court to Conduct a Screening is DENIED. Defendants are required to submit an Answer within the time frames allotted by the Federal Rules of Civil Procedure.

**B. Motion to Amend**

Rule 15(d) provides that "upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d). Rule 7 requires that an application to the court for leave to file an amended complaint must "state with particularity the grounds therefor." Fed. R. Civ. P. 7(b)(1).

Plaintiff requests permission to submit another amended complaint that includes language regarding his pain and suffering and to include a request for follow-up treatment. It appears from this that Plaintiff's proposed amendment serves the purpose of clarifying the basis of his claims by including that he suffered and continues to suffer pain in his ears and to include, in his prayer for relief, a request for follow up treatment.

Pursuant to Rule 54(c), "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, *even if the party has not demanded such relief in the party's pleadings*." Fed. R. Civ. P. 54(c) (emphasis added). Because plaintiff is not bound by the prayer for damages set forth in his Amended Complaint, it is unnecessary for him to supplement his Complaint to modify his prayer for damages against Defendants. See,

---

[1] The Court has, at any given time, literally hundreds of Section 1983 cases filed by incarcerated individuals. Thus, the Court is well aware of its obligations under the PLRA and a request for a routine screening, as filed by Counsel here, is unnecessary.

Bontkowski v. Smith, 305 F.3d 757, 762 (7th Cir. 2002); Pension Benefit Guar., Corp. v. East Dayton Tool and Die Co., 14 F.3d 1122, 1127 (6th Cir. 1994); Z Channel Ltd. P'ship v. Home Box Office, Inc., 931 F.2d 1338, 1341 (9th Cir. 1991).  For this reason, Plaintiff's Motion to Amend is DENIED.  The Court will DIRECT the Clerk of Court to return to Plaintiff the lodged Amended Complaint submitted to the Court on May 3, 2005.

**C. Order**

The Court HEREBY ORDERS:

1. The Motion for the Court to Conduct Screening is DENIED;
2. The Motion to Amend is DENIED;
3. The Clerk of Court is DIRECTED to return to Plaintiff the lodged Amended Complaint dated May 3, 2005.

IT IS SO ORDERED.

**Dated:   August 1, 2005**             /s/ Sandra M. Snyder
icido3                                   UNITED STATES MAGISTRATE JUDGE