# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE D. RANDLE, | CV F 03 6313 REC SMS P |
| Plaintiff, | |
| v. | ORDER DENYING REQUEST FOR DEFAULT (Doc. 31.) |
| EDWARD S. ALAMEIDA, et. al., | ORDER GRANTING MOTION TO FILE ANSWER IN EXCESS OF TIME (Doc. 34-2) |
| Defendants. / | |

Willie D. Randle is ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On June 30, 2005, Defendants requested the Court conduct a screening of the case under Section 1915A. The Court denied Defendants request on August 2, 2005, and noted that Defendants responsive pleading was due within the time frame allotted by the Federal Rules of Civil Procedure.

On July 15, 2005, Plaintiff filed a "Declaration Requesting the Entry of Default." (Doc. 33.) In this document, Plaintiff alleges that Defendants failed to submit a timely responsive pleading. On September 28, 2005, Defendants filed an Opposition to the Motion for Entry of Default and also requested permission to file their Answer out of time. Counsel for Defendant states that beginning July 15, 2005, he was out of the office and underwent surgery on July 18, 2005. Counsel was expected to return within four to six weeks but experienced complications, including a pulmonary embolism, which further delayed his return to the office until September

1  19, 2005.  Upon the discovery that no Answer had been filed by relief staff during Counsel's
2  absence, Counsel immediately prepared the necessary Opposition, Motion and Answer.  The
3  Answer to the Complaint was filed that same day.
4       Entry of default is appropriate as to any party against whom a judgment for affirmative
5  relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of
6  Civil Procedure and where that fact is made to appear by affidavit or otherwise.  See Fed. R. Civ.
7  P. 55(a).  Plaintiff is reminded that "[f]or good cause shown the court may set aside an entry of
8  default and, if a judgment by default has been entered, may likewise set it aside in accordance
9  with Rule 60(b)."  Fed. R. Civ. Pro. 55(c).
10       Based on the above, the Court finds good cause for denying the Motion to Default.
11  Accordingly, the Court HEREBY ORDERS:
12       1.     The Request for Entry of Default is DENIED;
13       2.     The Motion for permission to file the Answer out of time is GRANTED nunc pro
14             tunc, to and including September 28, 2005, the date the Answer was submitted.
15
16  IT IS SO ORDERED.
17  **Dated:   December 15, 2005**                    **/s/ Sandra M. Snyder**
    icido3                                                       UNITED STATES MAGISTRATE JUDGE
18
19
20
21
22
23
24
25
26
27
28