# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE D. RANDLE, | CV F 03 6313 REC SMS P |
| Plaintiff, | |
| v. | ORDER DENYING "MOTION FOR RELIEF OF ORDER RULE 60(b)(1)" |
| | (Doc. 58.) |
| EDWARD S. ALAMEIDA, et. al., | |
| Defendants. | |

Willie D. Randle is ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On January 12, 2007, Plaintiff filed a pleading titled "Motion For Relief Of Order Rule 60(b)(1)" in which he asks the Court to reconsider its Order denying his Motion to Compel Discovery issued in December of 2006. Plaintiff states that he did not understand that the Scheduling Order issued April 5, 2006, and setting forth the discovery deadline. Plaintiff states that he thought the order meant that Plaintiff was to wait until at least forty-five days before the discovery deadline expired to begin discovery. (Motion at 2.) Plaintiff also requests an extension of the discovery deadline.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The rule permits the Court to relieve a party from a final order or judgment on

1

grounds of: (1) mistake, inadvertence, surprise, or excusable neglect;  (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b), (3) fraud ... of an adverse party, ... or (6) any other reason justifying relief from the operation of the judgment.  The motion shall be made within a reasonable time, and for reasons (1), (2), and (3), not more than one year after the judgment, order, or proceeding was entered or taken.  Fed.R.Civ.P. 60(b).  Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir.1987).  To succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal.1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir.1987), *cert. denied*, 486 U.S. 1015 (1988).

Similarly, Local Rule 78-230(k) provides that a motion for reconsideration set forth "new or different facts that are claimed to exist which did not exist or were not shown upon such prior motion."

As stated in prior Orders concerning Plaintiff's Motions to Compel, the Discovery and Scheduling Order set forth a discovery deadline of December 8, 2006.  In that Order, the Court clearly informed the parties that all discovery was to be completed on or before December 8, 2006.  The Order also indicated that this meant that all discovery requests must be served at least forty-five days before the expiration of the deadline to ensure that the opposing party had 45 days to respond. (Doc. 45, ¶ 3.)  This can be made no more clear.

First, the Court's denial of Plaintiff's original Motion to Compel filed on March 24, 2006, informed him that the Court had not yet opened discovery and that his request was premature. The Court then issued the Scheduling Order opening discovery and informing the parties that all discovery had to be completed on or before December 8, 2006.  The Court cannot understand how Plaintiff interpreted this to mean that he should not begin discovery until 45 days before the expiration deadline because the Order could be made no more clear.  Further, Plaintiff's delay in serving his discovery denied the Defendants the forty-five days to respond they are entitled to under the law. Plaintiff was informed of this by the Defendants' letter sent to him in November

1  of 2006. (See, Attach. A, Opposition to Motion to Compel filed December 6, 2006.)

2      Plaintiff's request to extend the discovery deadline is also untimely.  The Court's Order
3  stated, in no uncertain terms, that all requests for extension of the deadline must be filed on or
4  before the deadline pf December 8, 2006.   Further, as stated above, Plaintiff was informed that
5  he did not afford Defendants sufficient time to respond in November of 2006, but Plaintiff did
6  not move to extend the discovery deadline to allow for more time.

7      The Court finds Plaintiff's justification for failing to conduct discovery in a timely
8  fashion does not warrant relief under Rule 60(b)(1).  Accordingly, the Motion for Relief is
9  DENIED.

10  IT IS SO ORDERED.

11  **Dated:   January 17, 2007**           /s/ Sandra M. Snyder
    icido3                          UNITED STATES MAGISTRATE JUDGE

3