# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE D. RANDLE,<br><br>        Plaintiff,<br><br>  v.<br><br>ALAMEIDA, et. al.,<br><br>        Defendants. | CV F  03-6313  OWW SMS P<br><br>ORDER DENYING MOTION TO STRIKE MOTION FOR SUMMARY JUDGMENT (Doc. 63.)<br><br>ORDER GRANTING PLAINTIFF THIRTY DAYS TO FILE OPPOSITION TO MOTION FOR SUMMARY JUDGMENT |

     Willie D.  Randle is ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

     On January 26, 2007, Defendants filed a Motion for Summary Judgment. Plaintiff moved to strike the Motion for Summary Judgment on February 9, 2007, stating that it was untimely under the Federal Rules of Civil Procedure.  Specifically, Plaintiff states that Rule 56(c) requires that Defendants have served him with their Motion ten days before the February 8, 2007, dispositive motion deadlines set forth in the Court's Scheduling Order issued April 7, 2006.

     The Court's Discovery and Scheduling Order expressly provided that the deadline for the filing of any dispositive motion is February 8, 2007.  According to the Court docket, the Motion

was filed on January 26, 2007, and is thus, timely. Plaintiff's believe that the Motion should have been served on him ten days prior to the date the Motion was filed is also incorrect. According to the provision of Rule 56 cited by Plaintiff, such a Motion is to be served on the opposing party 10 days prior to the *hearing*, however, no hearing has been scheduled in this case. The reason for this rule is to allow the opposing party to review the Motion and its supporting evidence before making an appearance in court. In Plaintiff's case, because no hearing is set and pursuant to Local Rule 78-230(m), Plaintiff is required to submit an Opposition or Statement of Non-Opposition to the Motion for Summary Judgment.[1] Plaintiff is advised that in formulating his Opposition to a Motion for Summary Judgment, he must follow the instructions provided in Local Rule 56-260(b).[2]

In light of the above, the Court HEREBY ORDERS:

1. The Motion to Strike the Motion for Summary Judgment is DENIED.
2. Plaintiff's Opposition to the Motion for Summary Judgment is due within THIRTY (30) days of the date of service of this Order.

IT IS SO ORDERED.

**Dated:   February 16, 2007**              /s/ Sandra M. Snyder
icido3                                        UNITED STATES MAGISTRATE JUDGE

---

[1] "All motions, except motions to dismiss for lack of prosecution, filed in cases wherein one party is incarcerated and proceeding *in propria persona*, shall be submitted upon the record without oral argument unless otherwise ordered by the Court. Such motions need not be noticed on the motion calendar. **Opposition, if any, to the granting of the motion shall be served and filed with the Clerk by the responding party not more than eighteen (18) days, plus three (3) days for mailing or electronic service,** after the date of service of the motion." Local Rule 78-230(m).

[2] Local Rule 56-260(c) provides: "Any party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon in support of that denial. The opposing party may also file a concise "Statement of Disputed Facts," and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication. The opposing party shall be responsible for the filing with the Clerk of all evidentiary documents cited in the opposing papers."