# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE D. RANDLE, | CV F 03-6313 OWW SMS P |
| Plaintiff, | ORDER DISREGARDING MOTION FOR CLARIFICATION AND MOTION FOR EXTENSION OF TIME (Doc. 66.) |
| v. | |
| ALAMEIDA, et. al., | |
| Defendants. | |

Willie D. Randle is ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On January 26, 2007, Defendants filed a Motion for Summary Judgment. Plaintiff moved to strike the Motion for Summary Judgment on February 16, 2007, and also granted Plaintiff an extension of time to file an Opposition to the Motion for Summary Judgment.

On February 15, 2007, Plaintiff filed a pleading titled "Motion/request for Clarification of Rules and Order of Extension of time." Plaintiff states he is seeking an extension of time in case he misunderstands the Court's Order regarding the dispositive motion deadline.

The Court generally does not provide clarification of its orders. The dispositive motion

1

1  deadline is just that, a deadline to file a dispositive motion.  Defendants have filed their Motion
2  for Summary Judgment, which is dispositive, before the expiration of the deadline set forth in the
3  Court's Discovery and Scheduling Order.  Under the local rules, Plaintiff is required to file either
4  an Opposition to that Motion (Local Rule Local Rule 56-260(c)),[1] or a Statement of Non-
5  Opposition and has also been granted one extension fo time to file such document.  There is
6  nothing further to clarify and Plaintiff's request for another extension so that he can "understand"
7  the Court's Order is unnecessary.
8          Accordingly, the Motion for Clarification filed by Plaintiff on February 15, 2007, is
9  DISREGARDED.
10 IT IS SO ORDERED.
11 **Dated:    February 22, 2007              /s/ Sandra M. Snyder**
   icido3                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Local Rule 56-260(c) provides: "Any party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon in support of that denial.  The opposing party may also file a concise "Statement of Disputed Facts," and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication.  The opposing party shall be responsible for the filing with the Clerk of all evidentiary documents cited in the opposing papers."